## DE ARMAND *v.* HOME INS. CO.

*(Circuit Court, W. D. Michigan. 1886.)*

FIRE INSURANCE—INTEREST OF ASSURED—OWNERSHIP.

    A clause in a policy of fire insurance avoiding the policy if the "interest of the assured in the property" is not truly stated, must be construed as referring to the substantial ownership, and not to the bare legal title.

Motion to Set Aside Verdict, and to enter judgment for defendant. The opinion states the facts.

    *Edward Bacon,* for plaintiff.

    *L. D. Norris,* for defendant.

SEVERENS, J.  The plaintiff in this case, being the owner of certain real estate at Buchanan, in Berrien county, whereon was situated a building, executed to one Reynolds a mortgage, in the form common in this state, to secure a debt he owed to the latter, and afterwards, having become a resident of Kansas, he executed a warranty deed, likewise in usual form, to the mortgagee, who resided at Buchanan, the deed containing an exception of the mortgage in the covenant of warranty.  There was an attempt, by parol, to impress upon this deed a trust to sell, and there is no doubt that, in point of fact, the deed was made with the intent to enable the grantee to sell the land, realize the mortgage debt, and turn over the surplus to the grantor. Reynolds was all the while renting the property as agent of the plaintiff, his original mortgagor.  In this condition of affairs Reynolds, acting professedly as agent for the plaintiff in the transaction, effected the insurance in question.  The policy runs to the plaintiff, and describes the property insured as his, and contains a clause declaring that "if the interest of the assured be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of the policy, otherwise the policy shall be void;" and also declares that "if the interest of the assured in the property, whether as owner, mortgagor, or otherwise, be not truly stated, the policy shall be void."  The loss, if any, was made payable to "Reynolds, as mortgagee, or as his interest may appear." The situation of the title was stated by Reynolds to the defendant's local agent at Buchanan, who negotiated the insurance at the time it was made.  The building having been lost by fire, this action was brought, and on the trial my predecessor, the district judge, directed a verdict for the plaintiff for the amount of the loss, reserving leave to the defendant to move for a new trial, or to enter a verdict for the defendant.  Some other matters, not stated, furnished the basis of some minor points disposed of on the hearing of the present motion, and need not now be repeated.  This motion, which is upon an agreed

statement of facts, is to set aside the verdict, and to enter the verdict and judgment for the defendant.

Upon the hearing two questions were reserved for consideration: (1) Whether the description in the policy of the interest of the plaintiff in the property thereby insured was true, and in conformity with the requirements thereof, in respect to accuracy of statement in that particular; and (2) if not, whether the defendant was estopped from relying on such misdescription by reason of the fact that the truth was made known to its local agent at the time of the insurance.

What was the condition of the title at the date of the insurance? The parol trust was inoperative. The deed, having no independent consideration, operated simply to pass the legal title. The effect of the mortgage and deed was equivalent to that of a common-law mortgage. Once a mortgage always a mortgage, until some new transaction occurs founded upon an independent consideration, is a maxim of equity. At law the mortgagor had become entirely divested of the title before the insurance, and at that time it was in Reynolds, the mortgagee. On the argument I was strongly impressed that this was fatal to the description of the interest insured, but further consideration has led to a different conclusion. In equity the property remained unaffected by the deed, and in all substantial particulars it remained that of the mortgagor. He was entitled to its value, subject to the mortgage. This particular loss was his, and not that of Reynolds. In the then state of things the property could not have been insured by Reynolds as *his*. The case of *Clay Fire Ins. Co.* v. *Huron Salt & Lumber Co.*, 31 Mich. 346, is an express authority to that effect. In strictly technical language, having reference to the legal title, this property was not that of the insured, but in every real and substantial view it was his, and in the common acceptation would be so regarded. The question is, then, to what kind of interest does the policy refer in exacting a correct statement thereof? Is it to the strictly legal title, or is it to the substantial ownership,— the absolute right in the property? The authorities are clear to the effect that it is to the essential, rather than to the technical, interest that such language in the policy relates. *Farmers' Mut. Fire Ins. Co.* v. *Fogelman*, 35 Mich. 481; *Clay Fire, etc., Co.* v. *Huron Salt, etc., Co.*, 31 Mich. 346; Wood, Ins. § 151; *Hough* v. *City Fire Ins. Co.*, 29 Conn. 10.

I am of the opinion, therefore, that the policy correctly describes the insured property as that of the plaintiff, that the verdict was properly directed in his favor, and that the motion must be denied.