[No. 15448.   Department Two.—June 8, 1894.]

NANCY HAWLEY, RESPONDENT, v. THE LIVER-POOL, LONDON, AND GLOBE INSURANCE COM-PANY, APPELLANT.

FIRE INSURANCE—IMMATERIAL MISREPRESENTATION—CANCELLATION OF PREVIOUS POLICY.—A misrepresentation in a written application for an insurance policy, as to the fact that another company had canceled a policy on the property, is not material, where it appears that the reason of the cancellation was, that the insurance company which issued it was retiring from business, and wished to clear up every thing, and that it was for no reason that could have influenced the granting or refusing of the policy sued upon.

ID.—REPRESENTATION AS TO OWNERSHIP OF LAND—FORECLOSURE OF MORT-GAGES—DEED INTENDED AS MORTGAGE.—A representation in the policy that the insurer is the owner of the land on which the insured buildings stood is not rendered false by the fact that after suit was brought to foreclose mortgages upon the land, because the time to sue was about to expire, the suit was withdrawn, and the mortgages canceled, and a deed executed purporting to convey an absolute title to the land, where it appears by oral proof that the deed was intended as a mortgage to secure the indebtedness, and where the application for the policy states that the property is encumbered by mortgage.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Buck & Cutler*, for Appellant.

Respondent's interest was not an unconditional and sole ownership; hence no recovery can be had. (*Brown* v. *Commercial Fire Ins. Co.*, 86 Ala. 189; *Lasher* v. *St. Joseph Fire etc. Ins. Co.*, 86 N. Y. 426; *McCormick* v. *Springfield etc. Ins. Co.*, 66 Cal. 361; *McCormick* v. *Orient Ins. Co.*, 86 Cal. 260.) The respondent, Nancy Hawley, made no promise to pay any sum to Phillip Needs. A mere option was executed for a limited period by Needs. The option was not exercised within the time, and all dealings between the parties were at an end. (*Fletcher* v. *Norcross*, Cal., Feb. 17, 1893; 32 Pac. Rep. 328; *Henley* v. *Hotaling*, 41 Cal. 28; 1 Warvelle on Vendors, 140; *Graybill* v. *Brugh*, 89 Va. 995; 37 Am. St. Rep. 899; *Coleman* v. *Applegarth*, 68 Md. 21; 6 Am. St. Rep. 417; *Bostwick* v. *Hess*, 80 Ill. 143.) In an action at law, in order to give a court authority to declare an absolute deed to be a mortgage, the complaint should set forth the facts showing it to be a mortgage, and give the defendant an opportunity to take issue upon such facts. (*Taylor* v. *Baldwin*, 10 Barb. 586; *Bartlett* v. *Aitken*, 48 Cal. 435; *Lund* v. *Lund*, 1 N. H. 39; 8 Am. Dec. 29.) The written agreement must be received as the agreement of the parties. (*Longfellow* v. *Moore*, 102 Ill. 294; *Tyler* v. *Stone*, 81 Cal. 238.) The absolute conveyance could not be defeated by the unrecorded so-called defeasance. (*Foote* v. *Hartford Ins. Co.*, 119 Mass. 260; *Exon* v. *Dancke*, 24 Or. 110; Civ. Code, sec. 2950.) The assured, by accepting the policy with its conditions, became bound thereby, and is estopped from denying assent to the conditions. (*Brown* v. *Commercial Fire Ins. Co.*, 86 Ala. 189.)

*J. F. Coonan,* and *D. Sevier,* for Respondent.

The plaintiff had an insurable interest in the property. (*Strong* v. *Manufacturers' Ins. Co.,* 10 Pick. 40; 20 Am. Dec. 507; *Mechler* v. *Phœnix Ins. Co.,* 38 Wis. 665; *Walsh* v. *Philadelphia Fire Assn.,* 127 Mass. 383; *Barry* v. *Humburg-Bremen Fire Ins. Co.,* 110 N. Y. 1; *Hodges* v. *Tennessee etc. Ins. Co.,* 8 N. Y. 416; *Imperial Fire Ins. Co.* v. *Dunham,* 117 Pa. St. 460; 2 Am. St. Rep. 686; *Wainer* v. *Milford etc. Ins. Co.,* 153 Mass. 335; *Horsch* v. *Dwelling House Ins. Co.,* 77 Wis. 4; *Nussbaum* v. *Northern Ins. Co.,* 37 Fed. Rep. 524.) The representation alleged to have been made in the application relative to the cancellation of former insurance on the property was not a material misrepresentation. (*Wheaton* v. *North British etc. Ins. Co.,* 76 Cal. 415; 9 Am. St. Rep. 216; *National Bank* v. *Union Ins. Co.,* 88 Cal. 505; 22 Am. St. Rep. 324.)

McFARLAND, J.—This is an appeal by defendant, an insurance company, from a judgment recovered by plaintiff upon a fire insurance policy made by defendant to plaintiff, and from an order denying a new trial. There are only two points made by appellant which require notice.

The policy provided that it should be void "if the insured had concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning said insurance or the subject thereof." In the written application for the policy appears the following question and answer: "Has any company canceled or refused a policy on the property? No." This answer was not true, as another company had *canceled* a policy on the property; and appellant contends that the falsity of the answer vitiated the policy. The application was made by an agent of respondent, who testified that the question was never asked him, nor answered by him; and that he knew of the cancellation of a certain policy, and would have told of it if he had been asked. But waiving that matter, the fact was that the canceled policy

was one issued and canceled by the Alta Fire Insurance
Company; and that " the reason of the policy being
canceled was that the Alta Fire Insurance Company
was retiring from business, and they wished to clear up
every thing." The cancellation of the Alta policy, there-
fore, was for no reason that could have influenced the
appellant in granting or refusing the policy sued on;
and the alleged misrepresentation was in no sense
" material."

It is also contended that the plaintiff was not, at the
time of the issuance of the policy, the owner of the land
on which the insured buildings stood, and that there-
fore she cannot recover, because the policy provides
that it shall be void if the interest of the insured in the
property was other than that of sole and unconditional
ownership, and "*if the subject of insurance be a build-
ing on ground not owned by the insured in fee simple.*"
We do not think the position tenable. The facts on
this point are that, for many years prior to the issuance
of the policy, respondent had been the owner in fee and
in possession of the land; that she was then in posses-
sion of it; and that she was then also the owner in fee,
unless a change in the title had been effected by certain
transactions which she had with one T. Needs, about a
year before the making of the policy. Needs had held
mortgages on the land executed by respondent; and, as
they were about to outlaw, he had brought a suit to fore-
close them. The suit was brought because the time to
sue was about to expire, and because, as Needs testified,
"it was in the winter-time and we could not get any
letters to her"; and not because he wanted to harass
respondent.

He said, "It had been a hard winter, and I did n't
want to take the property away from the lady." After-
wards, on October 11, 1890, the suit was withdrawn and
the mortgages canceled ; and respondent executed a deed
to Needs, which, upon its face, purported to convey to
him an absolute title to the land. But it is clear that
this deed was intended as a mortgage to secure the

debt that had been secured by the former mortgages; and the jury was warranted in so finding. The only possible objection to such a finding lies in the fact that, on the day the deed was executed, Needs gave to respond-ent a writing which was, *in form,* an agreement to con-vey the land to respondent upon the payment to him, within a year, of a certain sum of money that was the amount of the debt which she owed him, and interest. It is contended that this writing absolutely precluded the jury from finding that the title to the land did not pass from respondent to Needs, no matter what the other evidence upon the subject was. But we do not think so. The question is: Was the deed from respondent to Needs intended by the parties thereto to be a mortgage? Upon this question parol evidence was admissible; and such evidence, introduced at the trial, abundantly shows that such *was* the intention of the parties. And this being so, the mere form in which the instrument acknowl-edging that intention was put is not controlling; and appellant was not deceived in the matter. In the appli-cation for the policy appears the following: "Is prop-erty encumbered by mortgage, or otherwise? (Answer) Yes." It was thus put upon inquiry as to the nature, amount, and form of the mortgage. The policy was issued on September 11, 1891, and the condition of the title was then just the same as it had been since the date of the said deed, and continued to be the same until the time of the fire. The authorities cited by counsel to the effect that there must be an indebtedness to constitute a mortgage are not in point; for there was here sufficient evidence to warrant the jury in finding that there was an indebtedness. *McCormick* v. *Spring-field etc. Ins. Co.,* 66 Cal. 361, and *McCormick* v. *Orient Ins. Co.,* 86 Cal. 260, are not in point. In those cases the insured represented themselves as the owners of cer-tain manilla paper which was the subject of the policy, when they were not such owners, but merely held stock in a corporation which did own it, and were engaged in selling the paper on commission; and the policy pro-

vided that the insured should be the sole and uncondi-
tional owners, or that their interest in the property
should be truly stated.

Other specific points made by appellant are involved
in the above propositions, and they need not be specially
noticed. We see no error for which the judgment should
be reversed.

Judgment and order affirmed.

Garoutte, J., and De Haven, J., concurred.