1. C. C. McCARTY *et al. v.* IMPERIAL INSURANCE CO.

2. C. C. McCARTY v. SCOTTISH UNION AND NATIONAL IN-
SURANCE CO.

Two Cases.

(Decided June 5, 1900.)

*Fire Insurance—Concurrent Insurance—Misrepresentations,*
*Not Fraudulent, or Immaterial—Inadvertent and Unin-*
*tentional Omissions—Notice of Incumbrance—Waiver.*

1. Concurrent insurance is permissible. Notice of such insurance
to the same agent who issues the policies in both companies,
and of incumbrances stated in the policies or communicated
to him at the time of insurance, is a waiver of all objections
on those grounds.

2. A misrepresentation, unless fraudulent or material, will not pre-
vent a recovery. Neither will an omission, inadvertent and
unintentional, have that effect.

3. Misrepresentations, to be material, must contribute materially
to the loss, or fraudulently evade the payment of the in-
creased premium, otherwise they do not vitiate the policy, life
or fire—the burden of proof being upon the company, and the
jury to decide the fact.

4. The restoration of secs. 8 and 9, of Acts of 1893, chap. 299, inad-
vertently omitted in the codified system of 1899, chap. 54,
warmly recommended.

Two CIVIL ACTIONS upon two different policies issued to
the plaintiff by the two defendant fire companies who insured
the same property destroyed by fire, tried before *Starbuck, J.,*
at March Term, 1899, of BUNCOMBE Superior Court.

The two causes had been referred to H. B. Carter, Esq.,
referee, and the cases were heard upon exceptions, identical in
both, filed by defendants. Both policies were issued by the

same insurance agent, and contained a provision that they should be void, if the interest of the insured be not truly stated therein.    At the time of insurance there was a deed in trust to R. McBryer, trustee, to secure a debt of plaintiff, for $960, incurred in purchase of the property, and which constituted a lien on it, as well as on another piece of property of still greater value.    This incumbrance plaintiff failed to notify the agent of, and defendants knew nothing about it.

The referee found as a fact that the plaintiff was not himself aware that the incumbrance covered the burned property, and supposed it only covered the other more valuable piece. He also found that the plaintiff did not fraudulently or purposely conceal from the defendant the existence of said deed of trust.

The referee found as a conclusion of law in each case, that at the date of the destruction by fire of the property insured, the policy was a valid and subsisting contract, and had not been rendered void or suspended by anything done or omitted by the plaintiff.

His Honor, making no finding as to the plaintiff's intent, overruled the conclusions of law of the referee, and rendered judgment dismissing both actions.    The plaintiff excepted, and appealed in both cases.

*Messrs. Merrimon & Merrimon,* for appellant.
*Messrs. F. A. Sondley,* and *T. H. Cobb,* for appellee.

CLARK, J.    The plaintiff's house was insured in the defendant companies, and was destroyed by fire.    Concurrent insurance was permitted, and policies in both these companies were issued to the plaintiff by the same agent.    The companies had full notice of the incumbrance to the Building and Loan Association, and it is mentioned in the policies with the

provision "payable as their interests may appear." The defense is that there was another incumbrance in favor of McBrayer, trustee, which was not made known to the insurance agent, and there was a provision in the policies that they should be void "if the interest of the insured be not truly stated herein."

In *Insurance Co. v. Chase*, 72 U. S. (5 Wall.), 509, it is said: "Whether the disclosure of interest was material to the risk incurred and would have enhanced the premium, is always a question of fact for the jury." And our statute (Acts 1893, chap. 299), which was in force when this policy was taken out, and which therefore enters into and makes a part of the contract, provides:

"Sec. 8. All contracts of insurance, the application for which is taken within this State, shall be deemed to have been made within this State, and subject to the law thereof.

"Sec. 9. All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed and held representations and not warranties; nor shall any misrepresentation, unless material or fraudulent, prevent a recovery on the policy."

There is no fraudulent misrepresentation found, and it is clear that failure to inform the company of the McBrayer trust deed was not material, and did not in anywise enhance the risk, for the trust deed embraced another tract of land which was alone sufficient to discharge it. Besides, the Building and Loan Association, named in the policy as the primary beneficiary of the insurance, had no knowledge of the McBrayer trust deed.

In *Albert v. Insurance Co.*, 122 N. C., 92, it is said (at page 95), construing the above-cited statute (1893, chap. 299): "This law applies to all policies of insurance, both of fire and of life; and unless such misrepresentations materially

contribute to the loss, or fraudulently evade the payment of the increased premium, they do not vitiate the policy. Ordinarily, these are questions of fact for the jury, and not for the Court." The burden of proving the fraudulent intent or the materiality of the misrepresentation, is upon the company who after receiving the premium must pay the loss, unless it shows good ground for its release from the discharge of the obligation it assumed. *Bank v. Fidelity Co.,* at this term.

The evidence would seem to indicate an inadvertent and unintentional omission by the plaintiff in stating the incumbrances upon the property. The referee found that the insured, when he took out the insurance, did not know that the trust deed to McBrayer covered the lot on which the insured building stood, and that he did not fraudulently conceal its existence from the defendant's agent, but acted honestly and in good faith. The Court upon exceptions to the referee's report overruled that finding of fact, but expressly refrained from passing upon "the plaintiff's intent, deeming it immaterial," and neither does he find that the omission of reference to the McBrayer trust deed was material; in fact, his other findings in effect indicate that it was not. In the absence of any finding that there was a fraudulent or material omission in the application, it was error to give judgment in favor of the defendant.

The wise and just provisions contained in the above secs. 8 and 9, of chap. 299, of the Laws 1893, were repealed, together with all previous legislation upon insurance, in adopting a codified system, by chap. 54, of the Acts 1899. The omission to re-enact said secs. 8 and 9, was doubtless an inadvertence on the part of the Legislature. The protection given by those provisions against technical forfeitures of policies, taken out without fraudulent or material misstatement of facts in the application, will doubtless be restored

when the matter is properly called to the attention of the General Assembly. The repeal does not affect this insurance which was taken out while the law was in force.

The findings of fact being insufficient, the judgment is set aside.

New trial.