## PALMQUIST v. STANDARD ACC. INS. CO.

### No. 602.

District Court, S. D. California, N. D.
March 25, 1933.

Glenn L. Moran, Calvin L. Russell, and F. J. Heid, all of Tulare, Cal., for plaintiff.

Paul Nourse, of Los Angeles, Cal., and W. H. Stammer, of Fresno, Cal., for defendant.

COSGRAVE, District Judge.

The Standard Accident Insurance Company, of Detroit, Mich., in consideration of the representations contained in his application, insured Eric Palmquist against loss resulting from bodily injury caused by accidental means. The application was made a part of the policy, and the latter provided that it contained the entire contract and that no agent had authority to change it or waive any of its provisions. In the application the question is asked: "Have you ever had, or are you now subject to, or * * * affected by * * * gastric ulcer? * * *" To this the insured answered, "No," attaching his signature to the application.

The application contained another question: "Do you understand and agree that the falsity of any statement in this application shall bar the right to recovery if such false statement is made with the intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company?" This question is unanswered by the insured. Since this question merely called attention of the insured to the statutory law of California on the subject later referred to, the omission of an answer by the insured seems in no way to affect the case.

While the policy was in force, the insured suffered death in an automobile under circumstances from which the beneficiary claimed the death due to accidental means. Claim was made to the insurer, and liability was denied. Before the commencement of the action, the company gave notice of rescission and tendered all premiums received under the policy.

Plaintiff, being the beneficiary named in the policy, brought suit. The company denied liability, first, on the ground that death was not due to accident, and as a separate defense pleaded the falsity of the answer given by insured to the question above recited and a rescission of the policy on that ground before the commencement of the action.

The action was tried before a jury. It was admitted that the answer given to the question set out was untrue, since the insured

had been operated upon for a gastric ulcer some twelve years before the date of the application. The plaintiff's evidence was to the effect that this information was communicated to the soliciting agent, but the agent advised the insured that the date of the operation was so remote that it need not be mentioned in the application. The witnesses for the company denied that such information was given.

The insured had received the policy, and had had it in his possession for a considerable time before his death. Whether true or not, this evidence was immaterial. Madsen v. Maryland Casualty Co., 168 Cal. 204, 142 P. 51. In that case knowledge of deafness of the insured on the part of the soliciting agent was held immaterial in the face of a contrary statement in the signed application.

The company asked for an instructed verdict based upon the admitted falsity of the answer to the question asked in the application. This instruction the court refused to give, but instructed the jury in effect that they should find for the plaintiff unless the false answer was given with intent to deceive, or unless it materially affected the acceptance of the risk or the hazard assumed by the company.

The defendant introduced evidence which was uncontradicted, that, had the company knowledge of the existence of gastric ulcer, the existing policy would not have been issued.

The jury returned a verdict in favor of the plaintiff and thereby impliedly found that the false answer was not given with intent to deceive. Since the evidence was contradictory, at least, this conclusion is sustained by the evidence.

The jury by its verdict also impliedly found that the false answer did not materially affect the acceptance of the risk, nor did it materially affect the hazard assumed by the company.

Defendant seasonably interposed its motion that the court enter a judgment in its favor notwithstanding the verdict. The question presented therefore is whether it should be left to the jury to say whether or not the false answer materially affected either the acceptance of the risk or the hazard assumed by the company, or whether this is a matter to be determined by the court alone. Upon the determination of this question depends defendant's motion.

It is very plain that, if it was the duty of the court to say as matter of law that the false answer materially affected either the acceptance of the risk or the hazard assumed by the company, the instruction required by the company should have been given in the first place, and, if not, the motion of the defendant must fail.

■ The policy was applied for, delivered, and the premiums paid in California. It is therefore a California contract. Equitable Life Assurance Society of the United States v. Benjamin F. Pettus, 140 U. S. 226, 11 S. Ct. 822, 35 L. Ed. 497. The statute of California covering the issuance of accident insurance policies (Stats. of 1917, p. 957) provides, in section 6 (page 964), that "The falsity of any statement in the application for any policy covered by this act shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." Plainly therefore, leaving out of consideration the intent of the insured in making the false statement, it is nevertheless to be tested by its materiality in the insurer's acceptance of the risk or in the hazard assumed by the insurer. The test of materiality is laid down in California Civil Code, § 2565: "Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries." The Code further provides that concealment is a neglect to communicate that which a party knows, and ought to communicate (Civ. Code, § 2561), and the effect of a concealment, whether intentional or unintentional, entitles the injured party to rescind (Civ. Code, § 2562). If a representation is false in a material point, the injured party is entitled to rescind. Civ. Code § 2580. "A policy may declare that a violation of specified provisions thereof shall avoid it, otherwise the breach of an immaterial provision does not avoid the policy." Civ. Code, § 2611. The plain implication of this section is that the breach of a material provision does avoid the policy. A breach of warranty, without fraud, where broken in its inception, prevents the policy from attaching to the risk. Civ. Code, § 2612. Any statement relating to the person insured as a fact is an express warranty. Civ. Code § 2607.

■ By the law of California, therefore, the statement relative to the gastric ulcer is an express warranty. While there is no express provision in the policy itself declaring

that such violation shall avoid it, it is expressly provided in section 2610 of the Civil Code that a violation of a material warranty, or other material provision of a policy, on the part of either party thereto, entitles the other to rescind and in section 2612 that the breach of warranty prevents the policy from attaching to the risk.

I am forced to the conclusion, therefore, that, since the statement relative to the gastric ulcer was one relating to the person insured as a fact, it was an express warranty. Since the statement was false, even without fraud, the warranty was broken in its inception, and the policy did not attach to the risk.

Should the issue as to whether the false statement materially affected the acceptance of the risk or the hazard assumed by the company have been submitted to the jury? The great weight of authorities is that such question must be determined by the court.

"The determination of the materiality of a representation is a question of law for the court, and it has been held to be error to submit to the jury the materiality of a false answer given by the insured with reference to his occupation." 14 Cal. Jur. 491.

It seems to be generally agreed that the parties themselves, having asked and answered the questions, must be held to have agreed that the question was material.

"Where the materiality of the representations depends upon inferences drawn from facts and circumstances proved, the question is one for a jury. A different rule, however, applies where the representations are in the form of written answers made to written questions. In such case the parties, by putting and answering the questions, have indicated that they deemed the matter to be material." McEwen v. New York Life Ins. Co., 23 Cal. App. 694, 139 P. 242, 243; Id., 42 Cal. App. 133, 146, 183 P. 373.

The following California cases sustain this position: O'Connor v. Grand Lodge A. O. U. W., 146 Cal. 484, 495, 80 P. 688; Hawley v. L., L. & G. Insurance Company, 102 Cal. 651, 36 P. 926; Westphall v. Metropolitan Life Ins. Co., 27 Cal. App. 734, 151 P. 159; Porter v. General Accident, etc., Corp., 30 Cal. App. 198, 157 P. 825.

In a case from Georgia under a statute substantially similar to that of California, the same conclusion is reached by the United States Supreme Court.

The Georgia statute provides that " 'Every application for insurance must be made in the utmost good faith, and the representations contained in such application are considered as covenanted to be true by the applicant. Any variation by which the nature or extent or character of the risk is changed will void the policy.' [Civ. Code 1910, § 2479.] But who is to decide—the court or jury—whether a variation be of the quality described?" Ætna Life Insurance Co. v. Moore, 231 U. S. 543, 553, 34 S. Ct. 186, 189, 58 L. Ed. 356.

The case was reversed for failure to give instructions requested by defendant substantially similar to the instructions offered by the defendant here. A companion case is to the same effect in Prudential Insurance Co. of America v. Moore, 231 U. S. 560, 34 S. Ct. 191, 58 L. Ed. 367. To the same effect, Mutual Life Insurance Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202, 1210.

The motion of the defendant must, I think, be granted, and it is so ordered.