[Civ. No. 10277. Second Appellate District, Division One.—April 21, 1936.]

ELLIS F. WORMINGTON, Respondent, v. ASSOCIATED INDEMNITY CORPORATION (a Corporation), Appellant.

Syril S. Tipton for Appellant.

Kenneth C. Wiseman and Lech T. Niemo for Respondent.

WHITE, J., *pro tem.*—This is an action against an insurance carrier to recover the amount of a judgment previously obtained against an insured. Plaintiff was injured in an automobile accident as a result of the negligence of George W. Locke, Jr., and the latter was insured against liability with the defendant corporation. The plaintiff sued Locke and recovered judgment for $3,886.65 and costs, which sum he was unable to collect from Locke. Plaintiff then brought this action against the defendant insurance company. In its answer the company set up the defense that, while it issued a policy of insurance to Locke upon a Ford automobile, the automobile upon which the policy was issued was not the automobile which figured in the accident as the result of which plaintiff secured judgment against the assured, Locke; and the further defense that the assured failed to cooperate with the company in assisting them in the preparation of the case for trial by failing and neglecting to report to the company's attorneys when so requested, and, in addition, had failed to attend the trial and testify. Judgment was subsequently rendered in favor of plaintiff, from which defendant insurance company prosecutes this appeal.

Two questions are presented to us: (1) Was a contract of insurance in existence, force and effect upon the automobile involved in the accident? (2) Assuming that the answer to the foregoing is in the affirmative, did the alleged failure of the assured to cooperate with the company relieve appellant of liability?

As affecting the first question, it appears without contradiction that on March 22, 1930, the appellant issued a policy of insurance upon a Ford coupe automobile, engine number A–290523–M, in favor of George W. Locke, Jr. On the early morning of Sunday, September 14, 1930, the assured, Locke, while driving a Ford automobile, but not the one originally insured, became involved in an accident with an automobile operated by the respondent herein. It appears from the evidence that some time between September 4th and September 13th the assured "traded in" the first-named Ford automobile and purchased another Ford automobile, bearing engine number 2354139, and this was the automobile involved in the accident with respondent. The accident occurred early Sun-

day morning, September 14th, and the evidence without dispute shows that on the following morning, Monday, September 15th, the assured, Locke, contacted appellant, advising M. C. Hewett, special agent for appellant, that he had bought this new car, and that he had driven from Ventura to Los Angeles on the previous Saturday, and had attempted to notify appellant of the change of automobiles and to secure a transfer of insurance from the old Ford to the new one, but was unable to do so because appellant's office was closed Saturday afternoon. The evidence discloses that in this same conversation the assured informed appellant's agent that his automobile had been involved in an accident the day before. With full knowledge of the fact that assured had theretofore purchased a new automobile, and that such automobile had been involved in an accident, appellant company placed an endorsement upon the assured's policy, transferring the coverage to the new automobile, predating it so that coverage attached to the new automobile as of noon, September 13, 1930, some hours prior to the happening of the accident.

It is appellant's contention that the assured, Locke, was guilty of misrepresentation when he declared to appellant's agents that he had purchased the car on Saturday, September 13th, when, appellant contends, it was in fact purchased on September 4th. Although there is a conflict in the testimony as to the exact date of purchase, and also as to when the assured took delivery of the car, still, conceding that the assured represented to appellant that he had purchased the car on the 13th, when in truth and in fact he had purchased it on the 4th, we fail to see that the misrepresentation, if such there was, is a material misrepresentation, remembering that at the time the assured reported the purchase of the new car he informed appellant that he had been involved in the accident as a result of which the judgment was thereafter obtained against him by respondent herein. The appellant insurance company, with full knowledge of the fact that the assured had had an accident, and desired coverage as of a date preceding the accident, amended and revised its policy to cover the new car which was involved in the accident.

Civil Code, section 2581, in effect at all times in question here, provided that the materiality of a representation is determined by the same rule as the materiality of a concealment. And a representation, even though untrue, does not affect the

validity of a policy of insurance unless it is material, at least where there is no declaration in the policy that the violation of such provision will avoid it. (Civ. Code, sec. 2611; *Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.,* ¹77 Cal. 771 [171 Pac. 935].)

The test of materiality is defined in section 2565 of the Civil Code, then in effect, as follows:

"Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries."

The only false statement claimed and relied upon by appellant is that the automobile involved in the accident was purchased by the assured September 4th and not September 13th. In *Kleiber Motor Truck Co.* v. *International Indemnity Co.,* 106 Cal. App. 709, 723 [289 Pac. 865], it was decisively held that a misstatement as to the date of purchase of an automobile in connection with an application for insurance thereon is not material, in that the date of purchase could have no possible effect on the insurance applied for. In the instant case, having in mind the facts and circumstances thereof, we are of the opinion that the alleged difference in the date of purchase could not possibly have affected the transfer of the coverage from the original automobile to the new one. (See 14 Cal. Jur., p. 491, sec. 55; *Hawley* v. *Liverpool, London & Globe Ins. Co.,* 102 Cal. 651 [36 Pac. 926]; *Wilkinson* v. *Standard Acc. Ins. Co.,* 180 Cal. 252 [180 Pac. 607]; *Sly* v. *American Indemnity Co.,* 127 Cal. App. 202 [15 Pac. (2d) 522].) We conclude, therefore, that the finding of the trial court that the assured did not procure the policy or the amendment thereto through false or fraudulent representations was justified by substantial evidence, as was also the finding of the trial court that the representation as to the date of purchase, if made, was not material.

The second ground urged by appellant for a reversal of the judgment presents a more serious question. The policy of insurance under which appellant undertook to indemnify Locke against claims for injuries or death contained the usual stipulations requiring the assured to cooperate fully with the company, and aid, if the company deemed necessary, without expense to the insured, in securing information and evidence

and the attendance of witnesses, and in the settlement or defense of any suit or prosecution of any appeal; to present himself in due time for the preparation of his defense, and to attend the trial of such suit. These conditions are clearly stated, and if the assured failed to comply with them the company could not be held liable under the policy; but the violation of these conditions by the assured cannot be a valid defense against the injured third party unless, in the particular case, it appears that the insurance company was substantially prejudiced thereby. (*Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743, 752 [7 Pac. (2d) 999, 85 A. L. R. 13]. See *George* v. *Employers Liability Assur. Corp.*, 219 Ala. 307 [122 So. 175, 72 A. L. R. 1438]; *Indemnity Ins. Co.* v. *Davis, Admr.*, 150 Va. 778 [143 S. E. 328].)

The question of such prejudice was given consideration by the trial court, and while the assured did not appear at the trial, he did report the accident within 48 hours after it occurred, and gave his deposition. At the time the assured's deposition was taken appellant's counsel was present, with full opportunity to examine the assured. In our opinion, the finding of the trial court that the assured fully cooperated with the defendant insurance company in the preparation of the defense of said action, and that if there was any lack of cooperation on the part of said assured the same was not prejudicial, must, in view of the conflict in the evidence with regard to assured's conduct, be upheld, because of the substantiality of evidence to sustain the decision arrived at by the trial court upon this issue.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 18, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1936.