ORNATOWSKI v. NATIONAL LIBERTY INS. CO.
OF AMERICA

1. INSURANCE—CONSTRUCTION OF POLICY.
   Generally insurance policies are construed most strongly against the insurer and in favor of the insured.

2. Same—Change of Title—Deed Absolute as Security.

A deed absolute intended merely as security does not avoid an insurance policy providing that a change of title shall avoid the insurance.

3. Same—Deed of Trust.

A deed of trust given to secure a debt, being in effect a mortgage, does not interfere with the grantor's unconditional ownership and does not vitiate insurance policy voidable upon a change of title.

4. Same—Bill of Sale—Vendor's Possession.

A bill of sale intended as security does not render void a policy of insurance on property of which the vendor retains possession, where policy provides that a change of title will avoid the policy.

5. Same—Standard Fire Policy—Material Change of Insured's Interest.

Under statutory standard fire insurance policy providing that it would be void if there was a change of interest, title or possession or the interest of the insured be other than unconditional and sole ownership when loss occurs unless provided by agreement in writing added thereto, any material change of interest of the insured in the property will avoid the policy (3 Comp. Laws 1929, § 12572).

6. Same—Standard Fire Policy is Indivisible.

Statutory standard fire insurance policy providing that, unless provided otherwise in writing, the policy would be void if insured's interest were other than unconditional and sole ownership or if any change other than insured's death took place in the interest, title or possession is indivisible because of the proposition that the risk of one item affects the risk on another (3 Comp. Laws 1929, § 12572).

7. Same—Standard Fire Policy—Interest—Title.

In this State in provision of the statutory standard fire insurance policy voiding it, unless otherwise provided in writing, if the interest of the insured is other than unconditional and sole ownership or if any change takes place in the interest, title or possession of the subject of insurance, other than death of insured, the word "interest" is broader and more comprehensive than the word "title" and embraces both legal and equitable rights, covers rights in property less than title thereto, rights different from title, and rights which may be enforced (3 Comp. Laws 1929, § 12752).

8. SAME—CHANGE OF INTEREST—FIRE POLICY INVALIDATED.

Statutory standard fire insurance policy providing that it was void where interest of insured was other than unconditional and sole ownership or if there was a change in this interest, title or possession of the property, was invalidated where insured gave quitclaim deed of real estate and bill of sale of personalty in gasoline station and contents as security for indebtedness and failed to obtain written indorsement of policy notwithstanding he continued in possession (3 Comp. Laws 1929, § 12752).

Appeal from Arenac; Shaffer (John C.), J. Submitted June 21, 1939. (Docket No. 101, Calendar No. 40,616.) Decided September 5, 1939. Rehearing denied February 14, 1940.

Assumpsit by Martin Ornatowski against National Liberty Insurance Company of America for sums alleged to be due under the terms of a fire insurance policy. Judgment for plaintiff. Defendant appeals. Reversed.

*Albert W. Black* and *B. J. Tally,* for plaintiff.

*Smith, Strawhecker & Wetmore,* for defendant.

POTTER, J.  September 23, 1935, the defendant insurance company issued a fire insurance policy insuring plaintiff against loss by fire to a gasoline station and contents and equipment at Standish, Michigan. The policy was delivered to plaintiff and the premium paid. October 10, 1936, while the policy was in force, plaintiff executed a quitclaim deed of this and other real estate to John Jankowiak, and at the same time executed a bill of sale of certain personal property. It is conceded both these instruments were intended as security for an indebtedness owing by plaintiff to Jankowiak. The indebtedness secured was $1,558.64 at the time the deed was given, and about $800 at the

time the fire occurred, January 9, 1938, causing a loss of $1,800 to the building and $1,000 to the contents. After the deed was executed, plaintiff continued in possession and control of the property until the time of the fire. A verbal agreement existed between plaintiff and Jankowiak that if plaintiff paid the debt owed to Jankowiak, the latter would deed the property back to plaintiff. After the fire occurred, the parties being unable to agree upon a settlement, plaintiff instituted suit upon the policy. Defendant answered, claiming the policy sued upon, which provided:

"*This entire policy shall be void, unless provided by agreement in writing added hereto.* * * *

"(a) if the interest of the insured be other than unconditional and sole ownership when loss or damage occurs; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple when loss or damage occurs; or (c) if, with the knowledge of the insured foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed; or (d) if any change, other than by the death of an insured, takes place in the interest (except increase of insured's interest), title or possession of the subject of insurance (except change of occupants without increase of hazard);"

was breached by plaintiff by the conveyances in question and that defendant was, therefore, discharged of liability to plaintiff upon the policy. The policy was in accordance with the statute, 3 Comp. Laws 1929, § 12572 (Stat. Ann. § 24.422). There was judgment for plaintiff and defendant appeals.

As a general rule, insurance policies are construed most strongly against the insurer and in favor of the insured. *In re Boyer's Estate,* 285 Mich. 80. In policies of insurance which provide that *a change*

*of title* shall avoid the insurance, a deed absolute intended merely as security does not avoid the policy. A deed of trust given to secure a debt, being in effect a mortgage, does not interfere with the grantor's unconditional ownership. *Standard Leather Co.* v. *Mercantile Town Mutual Ins. Co.,* 131 Mo. App. 701 (111 S. W. 631); *McCarty* v. *Imperial Ins. Co.,* 126 N. C. 820 (36 S. E. 284); *Manhattan Fire Ins. Co.* v. *Weill & Ullman,* 69 Va. 389 (26 Am. Rep. 364); *Teter* v. *Franklin Fire Ins. Co.,* 74 W. Va. 344 (82 S. E. 40); 26 C. J. p. 177. A deed absolute but intended as a security does not vitiate the policy. *De Armand* v. *Home Ins. Co.,* 28 Fed. 603; *Hawley* v. *Liverpool, London & Globe Ins. Co.,* 102 Cal. 651 (36 Pac. 926); *Standard Leather Co.* v. *Mercantile Town Mutual Ins. Co., supra.* And a bill of sale intended as security, the vendor retaining possession of the property, does not render the policy void. *Petello* v. *Teutonia Fire Ins. Co.,* 89 Conn. 175 (93 Atl. 137, L. R. A. 1915 D, 812); *Standard Leather Co.* v. *Mercantile Town Mutual Ins. Co., supra; Kronk* v. *Birmingham Fire Ins. Co.,* 91 Pa. 300; 26 C. J. p. 178.

"Though the insured may give a deed of the property covered by the policy which is absolute in its terms, it has been held that if given as security for a debt, the insured retaining possession, it will only be considered as a mortgage and no alienation." 4 Joyce on Insurance (2d Ed.), p. 3870, § 2259.

In *Excelsior Foundry Co.* v. *Western Assurance Co.,* 135 Mich. 467 (3 Ann. Cas. 707), the court quoted with approval *Ayres* v. *Hartford Fire Ins. Co.,* 17 Iowa, 176 (85 Am. Dec. 553), where it was said:

"The object of the insurance company, by this clause, is that the interest shall not change so that the assured shall have a greater temptation or motive to burn the property, or less interest and watch-

fulness in guarding and preserving it from destruction by fire. Any change in, or transfer of the interest of the assured in the property of a nature calculated to have this effect, is in violation of the policy.''

The language of the policy here involved is that if the interest of the insured be other than unconditional and sole ownership, it avoids the policy; and if any change takes place in the interest, title or possession of the subject of insurance, the policy shall be void.

''It is held by the great weight of authority that, where the condition is against any change in the title, there is no breach unless there is a change in the legal title—that, as long as the insured retains the legal title and an insurable interest in the premises, the policy is not avoided by a transfer of the equitable title or of equitable interests; but we cannot apply this doctrine to a condition against any change of interest. The terms are not synonymous, as contended by counsel. The word 'interest' is broader than the word 'title,' and includes both legal and equitable rights. It is not necessary to consider the question of the change of possession, except so far as it has an influence on the change of interest.'' *Gibb* v. *Philadelphia Fire Ins. Co.,* 59 Minn. 267 (61 N. W. 137, 50 Am. St. Rep. 405), approved in *Excelsior Foundry Co.* v. *Western Assurance Co., supra.*

See, also, *William Skinner & Sons' Shipbuilding & Drydock Co.* v. *Houghton,* 92 Md. 68 (48 Atl. 85, 84 Am. St. Rep. 485); *East Texas Fire Ins. Co.* v. *Clarke,* 79 Tex. 23 (15 S. W. 166, 11 L. R. A. 293); *Fire Ass'n of Philadelphia* v. *Flourney,* 84 Tex. 632 (19 S. W. 793, 31 Am. St. Rep. 89); *Germond* v. *Home Ins. Co.,* 2 Hun (N. Y.), 540; *Southern Cotton Oil Co.* v. *Prudential Fire Ass'n of N. Y.,* 78 Hun (N. Y.), 373 (29 N. Y. Supp. 128).

*Excelsior Foundry Co.* v. *Western Assurance Co.,* *supra,* holds:

"Under a policy like the Michigan standard policy, any material change in the interest of the insured in the property insured will avoid the policy."

In construing *Excelsior Foundry Co.* v. *Western Assurance Co., supra,* in *Contract & Investment Co.* v. *Home Ins. Co. of New York,* 283 Mich. 288, it was said:

"The rule to be drawn from this case is that where there is material change in the interest of the insured, such a policy will be void."

In the early case of *Western Massachusetts Ins. Co.* v. *Riker,* 10 Mich. 279, it was said:

"The words *transfer or exchange of title* are more comprehensive than the word *sale,* which immediately precedes them. A sale is a parting with one's interest in a thing for a valuable consideration. This is what is generally understood by the word, and in every sale there is a transfer or change of title from the vendor to the vendee. But there may be a transfer or change of title without a sale. Should A. convey a piece of property to B. to hold in secret trust for him, there would be a transfer or change of title from A. to B., but there would not be a sale of the property, or an actual parting with it to B. for a valuable consideration, although the conveyance on its face would import a sale of it by A. to B. And if the trust instead of being secret appeared on the face of the conveyance, there would still be a change of the title. The title would no longer be in A., but in B. his grantee. We think such a conveyance would clearly come within the condition of the policy, and put an end to the insurance."

The policy in question is indivisible. It provides the entire policy shall be void in case of a violation

of its terms. The theory of indivisibility arises out of the contract and is founded on the proposition that the risk on one item affects the risk on another. *Wutzke* v. *County Fire Ins. Co. of Philadelphia,* 266 Mich. 556.

There are cases which hold "interest" is substantially synonymous with "title." *Garner* v. *Milwaukee Mechanics' Ins. Co.,* 73 Kan. 127 (84 Pac. 717, 4 L. R. A. [N. S.] 654, 117 Am. St. Rep. 460, 9 Ann. Cas. 459).

The Michigan statutory form of policy is plain. The general rule is that the word "interest" is broader and more comprehensive than the word "title." It embraces both legal and equitable rights. It covers rights in property less than title thereto, rights different from title, rights which may be enforced, legal rights.

"Interest, in common speech in connection with land, includes all varieties of titles and rights. When given its plain and natural meaning it comprehends estates in fee, for life and for years, mortgages, liens, easements, attachments, and every kind of claim to land which can form the basis of a property right." *Union Trust Co.* v. *Reed,* 213 Mass. 199 (99 N. E. 1093).

This is in accordance with *Western Massachusetts Ins. Co.* v. *Riker; Excelsior Foundry Co.* v. *Western Assurance Co.,* and *Contract & Investment Co.* v. *Home Ins. Co. of New York,* above cited.

Judgment reversed, with costs. Case remanded for entry of judgment for defendant.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred.