BINGHAM CITY CORPORATION et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4250.    Decided August 20, 1925.    Rehearing Denied February 10, 1926.    (243 P. 113.)

1.  MASTER AND 'SERVANT—COMPENSATION CLAIMANT MUST COME WITHIN TERMS OF STATUTE. The liability for workmen's compensation is statutory, and it is essential to recovery that injured person comes within fair terms of the statute creating right to compensation.

2.  MASTER AND SERVANT—VOLUNTEER FIREMAN HELD NOT "EMPLOYÉ" WITHIN COMPENSATION ACT. Where city had no contract relation with a volunteer fire company, organized pursuant to a city ordinance, and no control over services, employment, or discharge of the firemen, there was no relation of master and servant, or employer and employé between firemen and city, as contemplated by the Workmen's Compensation Act (Comp. Laws 1917, § 3111, as amended by Laws 1919, c. 63) and hence city was not liable for compensation for death of a volunteer fireman, occurring while fighting a fire.

3.  MASTER AND SERVANT—"EMPLOYÉ," WITHIN COMPENSATION ACT,
    DEFINED. Whether one person is employé of another depends
    on whether alleged employer possesses power to control the
    other in respect to his services, and power to discharge him
    for disobedience or misconduct, and, under the Workmen's
    Compensation Act, whether some consideration is paid to the
    employé; "employé" indicating a person hired to work for
    wages as employer may direct.

Corpus Juris-Cyc. References.
[1]   Workmen's Compensation Acts, C. J. p. 48, n. 41 New.
[2, 3]   Workmen's Compensation Acts, C. J. pp. 47 n. 33; 48 n. 50.

Original proceeding by Bingham City Corporation and
others against the Industrial Commission of Utah and an-
other, to review an order of the Industrial Commission.

ANNULLED.

*Ray & Rawlins* and *J. E. Darmer*, all of Salt Lake City,
for plaintiffs.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst.
Atty. Gen., for defendants.

CHERRY, J.

This is a review of proceedings had before the Industrial
Commission under the Workmen's Compensation Act (Comp.
Laws 1917, §§ 3061-3165).

Harold A. Anderson, a volunteer fireman in Bingham City,
while fighting a fire on August 17, 1924, sustained injuries
from which he thereafter died. Caroline Huebner, his grand-
mother, and Andrew Anderson and Anna Anderson, his
parents, claiming to be dependents, made application to the
Industrial Commission for compensation to be paid by Bing-
ham City. After a hearing, the Industrial Commission
found:

"That on August 17, 1924, Harold A. Anderson was a volunteer
fireman but followed other lines of regular employment; that he
was on the rolls of a regularly constituted fire department, whose

members were under the jurisdiction of Bingham City corporation; that on said date Harold A. Anderson, while engaged as a volunteer fireman and in the performance of his duties as such, in fighting a fire in Bingham Canyon, was killed; that on said date he was employed by the Utah Copper Company, and was paid a wage amounting to $4.70 per day, working 7 days per week."

The commission further found as a fact that the applicants above named were not dependent upon the decedent for their maintenance and support. From the facts found, the commission concluded that the deceased was killed by reason of an accident arising out of his employment as a volunteer fireman by Bingham City, an employer subject to the state Industrial Act that the claim of applicants be denied, and that the city be required to pay the burial expenses of deceased and to pay $998.40 into the state treasury as provided by Comp. Laws Utah 1917, § 3140, as amended by chapter 67, Laws of Utah 1921, in cases where there are no dependents. An order was made accordingly.

Both Bingham City and the applicants have brought the matter here by writ of review.

Bingham City contends that no award should have been made at all, because there was no relation of employer and employé between it and the deceased. The applicants object to the finding against them on the question of their dependency upon deceased as being against the evidence. . Our conclusion upon the first question makes it unnecessary to consider the second.

Liability for workmen's compensation is statutory, and it is essential to a recovery that the person for whose injury or death an award of compensation is made be within the fair terms of the statute which creates the right. The statute relied upon herein as sustaining the award made is that part of Comp. Laws Utah 1917, § 3111, as amended by chapter 63, Laws Utah 1919, which reads:

"3111. The terms 'employé,' 'workman' and 'operative,' as used in this title, shall be construed to mean: (1) Every person in the service of the state, and of every county, city, town or school district, including regular members of lawfully constituted police and fire departments of cities and towns, under any appointment or contract of hire, express or implied, oral or written, except any

elective official of the state, or of any county, city, town or school district therein, or other official receiving more than $2,400.00 per year."

The facts concerning the relationship between the deceased and Bingham City were clear and undisputed, and were that the city passed an ordinance creating a volunteer fire department composed of two companies, to have a membership of not to exceed 50 members each, with the right of each company to elect its officers, defining the territorial jurisdiction of each company, and conferring police power upon the commanding fireman while at a fire, and providing for the exclusive right of way of the companies on streets while going to a fire. The company to which deceased belonged was organized by the adoption of a constitution and by-laws approved by the city council of Bingham City. The constitution provided that the membership of the company should be exclusively controlled by the volunteer fire department company. The city had no voice in the admission of members or in their suspension or expulsion. The city furnished the equipment and apparatus for fighting fires, and contributed $25 monthly for the maintenance and upkeep of the company. There was no provision for the payment of any salary or compensation to any officer or member of the company, and the city had no control or supervision over the work of the firemen.

"The liability of one as an employer under any act depends in the first place, of course, upon the existence of the relation of employer and employé, determined in accordance with the usual rules." 1 Honnold, Workmen's Compensation, 118.

The usual test by which to determine whether one person is another's employé is whether the alleged employer possesses the power to control the other person in respect to the services performed by the latter and the power to discharge him for disobedience or misconduct. Under the Workmen's Compensation Act it is also essential that some consideration be in fact paid or payable to the employé. The purpose of the act is to provide compensation for earning power lost in industry, and the only basis for computing compensation is

the earning ability of the employé in the particular employment out of which the loss arises. In short, the term "employé" indicates a person hired to work for wages as the employer may direct. This is substantially the same as the definition of the statute above quoted, the essence of which is so far as material here, "every person in the  **2, 3** service of the * * * city * * * under any appointment or contract of hire, express or implied, oral or written," shall be construed to be an employé, etc. The deceased was not in the service of the city under any appointment or contract of hire or at all. There were no contractual relations between them whatever. The city had no control or supervision over deceased in respect to his services as a fireman and had naught to do with engaging or discharging him. There was no legal duty or obligation on the part of one to the other. There was therefore no relation of master and servant or employer and employé existing between them as contemplated or defined by the statute. There is therefore no basis in fact for the order of the Industrial Commission requiring the city to pay burial expenses and the sum of money designated into the state treasury and such order is annulled.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.