(No. 20829.—

FREDERICK SCHNEIDER, Plaintiff in Error, *vs.* THE AUTOIST
MUTUAL INSURANCE COMPANY, Garnishee, Defendant
in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 4, 1931.*

EUGENE P. KEALY, and McKENNA & HARRIS, (ABRA-
HAM W. BRUSSELL, of counsel,) for plaintiff in error.

JOSEPH H. HINSHAW, (OSWELL G. TREADWAY, of coun-
sel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here on *certiorari* to the Appellate Court
for the First District.

Plaintiff in error, Frederick Schneider, brought this ac-
tion of attachment in the superior court of Cook county on
a judgment rendered in his favor by a New York court
against the defendant, Reuben Allen. Defendant in error,
the Autoist Mutual Insurance Company, a corporation, was
served as garnishee. Allen, served by publication, was de-
faulted and the trial was between plaintiff and the gar-

nishee, the question being whether the garnishee was indebted to Allen. The case was tried before the court without a jury and there was a finding and judgment for $5000 in plaintiff's favor against the garnishee. It appealed to the Appellate Court for the First District, where the judgment of the superior court of Cook county was reversed, with a finding of fact that Allen had relieved the garnishee of liability on the policy, that he could not recover on it, and that therefore plaintiff could not recover against the garnishee.

The record discloses that the garnishee was an Illinois corporation and had no place of business or agents in the State of New York; that the defendant, Reuben Allen, was living in New York City and wrote the garnishee at Chicago in reference to liability insurance on his automobile, which he was using in New York. On August 22, 1923, the garnishee issued in Chicago its liability policy insuring Allen against liability for accidents. The policy was mailed from Chicago to Allen in New York and contained the usual provisions and conditions of such policies. While the policy was in force, Allen, in driving his automobile in New York, injured the plaintiff, Schneider, who brought suit there against Allen, and Allen notified the insurance company. It took charge of the defense and filed Allen's appearance and answer. Some time after the accident Allen went to Buffalo, New York, and counsel for the insurance company went there to see him concerning the case. Allen stated that he had no witnesses who would testify concerning the accident but himself, and he further stated that he would not return to New York City, where the case was pending, when it should be reached for trial, giving as his reason that he had been arrested in New York City and thrown into jail without reason and that he would not return under any circumstances. Counsel for the insurance company thereupon told him that the insurance company would not defend the New York suit and that it would

withdraw from the case. Some time afterwards Allen came to Chicago, where counsel for the insurance company again took the matter up with him, and Allen again refused to return to New York when the case would be tried. The uncontradicted testimony of the general counsel for defendant in error as to the interview is: "I said to him that he would have to go back or we couldn't defend the suit or wouldn't defend it, and he said he would not go back—that he would die before he would go back. He told me a dozen times at that conversation, and I told him then that we would withdraw from the suit—we would not defend it." Some time thereafter the insurance company notified its New York counsel of the matter and instructed him to withdraw the appearance and answer of Allen and to have nothing more to do with the case, and this was done. Several months after this the case was reached for trial. Allen was defaulted, no one appearing in his behalf, and judgment in the sum of $5000 was entered against him in favor of Schneider.

This is a garnishment proceeding, and it is elementary that plaintiff in error could not recover against defendant in error if Allen could not do so. In the instant case the policy provided that the assured, Allen, should aid the insurance company in securing evidence and in procuring the attendance of witnesses in any claim against him which was covered by the policy. The evidence shows that the only witness who knew about the accident was the assured, Allen, and he refused to go and testify on the trial. He was notified upon such refusal on two occasions that the insurance company would not defend and that it would withdraw from the case. There was no duty resting upon the insurance company to cancel the policy, as it might cover other accidents during its life and it had not expired at the time. The condition of the policy requiring co-operation on the part of the assured in the defense of the action brought against him by the injured party is one of great importance.

Without the presence of the assured and his aid in preparing the case for trial the insurance company is handicapped and such lack of co-operation must result in making the action incapable of defense. The action of Allen in refusing to go to New York on the trial of the case there prevented the insurance company from making any defense. Obviously he could not recover in a suit on the policy, and neither can the plaintiff here.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*