## STATE FARM MUT. AUTOMOBILE INS. CO. v. KOVAL.

## SAME v. HENDRICKS.

### Nos. 2961, 2962.

Circuit Court of Appeals, Tenth Circuit.
Dec. 15, 1944.

Clayton B. Pierce, of Oklahoma City, Okl., for appellant.

Paul D. Busby, of Lawton, Okl. (John W. Tyree and Lewis F. Oerke, both of Lawton, Okl., and Scott P. Squyres, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge, delivered the opinion of the court.

On February 26, 1941, the State Farm Mutual Automobile Insurance Company[1] issued its policy of automobile insurance to Thomas J. Moore, Jr., whereby it agreed to pay on behalf of Moore all sums which he should become obligated to pay by reason of liability imposed upon him by law for damages sustained by any person or persons, because of injury to their person and property, caused by accident and arising out of the ownership, maintenance, or use of the automobile described in the policy. The policy obligated the Insurance Company to defend in Moore's name and behalf any suit against Moore alleging such injury and seeking damages on account thereof.

On April 21, 1941, a collision occurred between an automobile driven by Gordon H. Hendricks, and in which Andrew J. Koval was a passenger, and the automobile covered by the policy while it was being driven by Moore. Koval and Hendricks brought

---

[1] Hereinafter referred to as the Insurance Company.

actions against Moore in the district court of Comanche County, Oklahoma. Koval sought damages for personal injuries and Hendricks damages for personal injuries and injuries to his automobile, resulting from the collision. The petitions in both cases filed in the state court charged that the collision resulted from the negligence of Moore. The actions were removed to the District Court of the United States for the Western District of Oklahoma.

The Insurance Company secured a non-waiver agreement from Moore and undertook the defense of the actions.

By the terms of the policy, Moore agreed to cooperate with the Insurance Company and, upon the Insurance Company's request, to "attend hearings and trials and * * * assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses, and in the conduct of suits."

After the accident, Moore disclosed to representatives of the Insurance Company all information known to him concerning the accident and cooperated in every way requested by the Insurance Company until he was asked to attend the trial of the cases.

At the time of the collision, Moore was intoxicated, and was driving at a speed in excess of the maximum prescribed by a city ordinance of Lawton, Oklahoma. These facts were known to the Insurance Company shortly after the accident.

At the pre-trial conference on the cases, counsel for the Insurance Company admitted the liability of Moore and stated that under the facts they did not believe a legal defense could be established. A few days before the damage actions were called for trial, counsel for the Insurance Company advised counsel for Hendricks and Koval that they were going to admit legal liability so as to exclude from the jury all evidence as to how the accident occurred.

The actions were set for trial on December 19, 1941, at Lawton, Oklahoma. Moore was stationed at Camp Wolters, Texas. On November 10, 1941, counsel for the Insurance Company wrote Moore requesting him to arrange to be present at the trials and to come to Lawton not later than December 17, 1941. Again, on November 19, 1941, counsel for the Insurance Company wrote a letter to Moore stating that the cases had been set for December 19, 1941, at Lawton, Oklahoma, and suggested that he arrange for leave so that he could come to Lawton for the trials. On December 2, 1941, Moore

replied to those letters, indicating that he was arranging to be present at the trials. About a week before the trials, one of the counsel for the Insurance Company called Moore by long distance telephone, and Moore informed him that he intended to secure permission from his Commanding Officer to attend the trial of the cases. When Moore failed to arrive at Lawton on December 17, one of the counsel for the Insurance Company called him by telephone and asked him why he was not at Lawton. Moore replied that a matter had come up which prevented him from being there on the 17th, but that he would be there on the 18th at noon. Moore failed to arrive at noon on the 18th, and one of the counsel for the Insurance Company again called him by telephone, and Moore then stated that he could not attend the trials. Counsel for the Insurance Company then prepared and presented a motion for a continuance. The court refused to grant the continuance, unless a showing were made that Moore could not obtain leave from his Commanding Officer to attend the trials. No such showing was made. Neither Moore nor counsel for the Insurance Company had requested Moore's Commanding Officer to grant him leave to attend the trials. The request would have been granted, if made. After the motion for a continuance was denied, counsel for the Insurance Company requested permission to withdraw their appearance as attorneys for Moore. The court refused to permit them to withdraw. When the cases were called for trial, counsel for the Insurance Company admitted legal liability. The court then proceeded with the trial of the issues with respect to the injuries suffered by Hendricks and Koval, and the amount of the damages. Hendricks recovered a judgment against Moore for $950.00, with interest at six per cent per annum from December 19, 1941. Koval recovered a judgment against Moore for $500.00, with interest at six per cent per annum from December 19, 1941. Executions were issued on the judgments and on April 13, 1942, they were returned "no property found."

On September 16, 1942, Hendricks and Koval filed affidavits and applications for writs of garnishment against the Insurance Company. The applications were granted and the Insurance Company filed its answers denying liability on the ground that Moore breached the policy provision by failing to attend the trials. There was no

attempt upon the part of the Insurance Company to establish that the failure of Moore to attend the trials, or to testify as a witness thereat, in anywise prejudiced the Insurance Company.

The trial court found that the Insurance Company was not prejudiced by Moore's failure to attend the trials, and entered judgments against the Insurance Company, as garnishee.

The Insurance Company has appealed.

 We have not found any Oklahoma decision dealing with the questions here presented. Under the weight of authority, to constitute a breach of a cooperation clause by the insured, there must be a lack of cooperation in some substantial and material respect that results in prejudice to the insurer; whether there has been such a breach is a question of fact;[2] and such a breach is an affirmative defense, the burden of establishing which rests on the insurer.[3]

 Here, there was no issue as to the legal liability of Moore. There was no showing that if he had been present he could have given any material testimony on the issues with respect to the injuries and damage. In the ordinary case, the absence of the defendant from the trial would hamper the insurance company in presenting his defense.[4] But, in the posture of the cases as it is presented by this record, we cannot say that the finding of the court that the failure of Moore to attend the trials did not constitute a material breach of the policy provision and did not prejudice the Insurance Company, was clearly erroneous.

The judgments are, therefore, affirmed.

[2] Panhans v. Associated Indemnity Corp., 8 Cal.App.2d 532, 47 P.2d 791; Associated Indemnity Corp. v. Davis, 3 Cir., 136 F.2d 71, 74; State Automobile Mut. Ins. Co. v. York, 4 Cir., 104 F.2d 730, 733; Conroy v. Commercial Cas. Ins. Co., 292 Pa. 219, 140 A. 905, 907; Medico v. Employers' Liability Assur. Corp., 132 Me. 422, 172 A. 1, 3, 4; George v. Employers' Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 176, 72 A.L.R. 1438; Francis v. London Guarantee & Acc. Co., 100 Vt. 425, 138 A. 780, 781; Levy v. Indemnity Ins. Co., La.App., 8 So.2d 774, 780; Finkle v. Western Automobile Ins. Co., 224 Mo. App. 285, 26 S.W.2d 843, 847.

See, also, cases cited in Note 3.

[3] Norton v. Central Surety & Ins. Co., 9 Cal.App.2d 598, 51 P.2d 113, 114; Cameron v. Berger, 336 Pa. 229, 7 A.2d 293, 295; Donaldson v. Farm Bureau Mut. Automobile Ins. Co., 339 Pa. 106, 14 A. 2d 117, 118; American Fire & Cas. Co. v. Vliet, 148 Fla. 568, 4 So.2d 862, 863, 139 A.L.R. 767; General Cas. & Surety Co. v. Kierstead, 8 Cir., 67 F.2d 523, 525; Western Cas. & Surety Co. v. Weimar, 9 Cir., 96 F.2d 635, 638; United States F. & G. Co. v. Snite, 106 Fla. 702, 143 So. 615, 616; Tuder v. Commonwealth Cas. Co., 163 A. 27, 10 N.J.Misc. 1206; Employers Ins. Co. of Alabama, Inc., v. Brock, 233 Ala. 551, 172 So. 671, 673, 674; United States F. & G. Co. v. Remond, 221 Ala. 349, 129 So. 15, 16.

[4] See Schneider v. Autoist Mut. Ins. Co., 346 Ill. 137, 178 N.E. 466, 468; Cameron v. Berger, 336 Pa. 229, 7 A.2d 293, 295.