295 P.2d 1093

Verne J. OBERHANSLY Plaintiff and
Respondent,

v.

TRAVELERS INSURANCE COMPANY, a
corporation, Defendant and
Appellant.

No. 8450.

Supreme Court of Utah.

April 17, 1956.

16

LeRoy B. Young and Blaine V. Glasmann, Jr., Ogden, for appellant.

Richards, Alsup & Richards, Ogden, for respondent.

WADE, Justice.

This is an appeal by the Travelers Insurance Company from a judgment in favor of Verne J. Oberhansly who was the plaintiff below and respondent herein. Verne J. Oberhansly having obtained a judgment against LaMar Pearce and the LaMar Pearce Auto Mart, a corporation, for personal injuries sustained while riding in a car driven by LaMar Pearce, the president of the LaMar Pearce Auto Mart, and being unable to collect said judgment because of the insolvency of both LaMar Pearce and the company, brought this suit to collect it from the Travelers Insurance Company, appellant herein. Appellant had issued its standard comprehensive liability policy which was in force at the time of the accident to the LaMar Pearce Auto Mart.

Appellant seeks to avoid its liability under the policy on two grounds: (1) That respondent was an employee of the LaMar Pearce Auto Mart, or was such under the provisions of the Workmen's Compensation Act of this state and therefore expressly excluded under the terms of the policy, and (2) that the insured failed to cooperate with the insurer in defense of the action against it in violation of the terms of the policy.

As to No. 1, the evidence was uncontradicted that respondent was regularly engaged in a business of his own in no way connected with the LaMar Pearce Auto Mart, but that respondent's brother was connected with the company under what LaMar Pearce called a partnership arrangement, and therefore on a few occasions before the occurrence of the accident on which this suit is based, had, as a favor to this brother, driven cars to Idaho for the company and had neither asked nor received compensation or even expenses for those trips. The company was in financial difficulties and on the day the accident occurred, respondent was called and asked if he would drive one of two cars which the company had decided to return to a consignor in Evanston, Wyoming. He consented to do so if the expenses were paid by the company and LaMar Pearce gave him $10 for this. The $10 was spent for gasoline for all the cars driven on this trip and for meals and refreshments. LaMar Pearce testified that although he had never exercised any control over the activities of respondent on the few occasions when he had delivered cars for the company, he felt that if he had seen him drive in a manner which could result in damage to the car being returned he could tell him not to do so as the cars were his responsibility. Although the company maintained Workmen's Compensation insurance, respondent was not reported as an employee on any reports concerning its employees. From this evidence the court found that respondent was not an employee of the insured at the time of the accident within the meaning of that word as used in the policy, nor was the insured liable under any Workmen's Compensation law for the injuries received by re-

spondent. We agree with the court's findings. The evidence is conclusive that neither LaMar Pearce, who was representing the company, nor respondent understood that respondent had been hired to drive the car to Evanston, Wyoming. The act was considered by all parties concerned to be a voluntary accommodation. Pearce did not have the right to direct respondent in the manner in which he wished the work to be accomplished. He could not discharge him for a refusal to do as directed. There was no agreement to pay wages or salary. The $10.00 was given for expenses and not as compensation for work. As said by this court in Bingham City Corp. v. Industrial Comm., 66 Utah 390, on page 393, 243 P. 113, on page 114:

"The usual test by which to determine whether one person is another's employé is whether the alleged employer possesses the power to control the other person in respect to the services performed by the latter and the power to discharge him for disobedience or misconduct. Under the Workmen's Compensation Act it is also essential that some consideration be in fact paid or payable to the employé. The purpose of the act is to provide compensation for earning power, lost in industry, and the only basis for computing compensation is the earning ability of the employé in the particular employment out of which the loss arises. In short, the term 'employé' indicates a person hired to work for wages as the employer may direct. * * *"

It is clear from all the evidence that there was a reasonable basis for the court to find there was no employee-employer relationship between respondent and the insured either under the ordinary meaning of those terms or under the Workmen's Compensation Act and the court did not err in so finding.

As to No. 2, the evidence disclosed that the insured was in financial difficulties. When respondent commenced his suit, LaMar Pearce reported the accident to appellant and gave it a written statement of his version of the facts concerning it. He thereafter left the state, and being in debt, he left his new address with only a few people, including his father and an attorney whom he had employed in the past, and asked them not to inform anyone of his address unless absolutely necessary. Appellant procured this address from the attorney and a few months before the date set for trial informed LaMar Pearce by registered mail of the date and that it would be imperative that he be in attendance. The letter also reminded him that under the terms of the policy he was required to give full cooperation to respondent. At the time this letter was received, LaMar Pearce was working as a used car sales manager for a Ford dealer in Antioch, California. He was somewhat new at the job and was

working with a view towards obtaining a promotion as a new car sales manager. He therefore telephoned his father in Ogden, Utah and told him to convey a message to the appellant that he would not be present at the trial. He later became a new car sales manager. Although his father called him later to tell him it was important that he come for the trial, and his own attorney so advised him, he did not come because he thought it would jeopardize his chance for the promotion, and since he had given his written statement of the facts to the insurance company, he thought that was sufficient. It further appeared that although the insurance company had a local claims office in Oakland, California, which is about 40 miles from Antioch, and that the Oakland agent regularly covered Antioch, yet no attempt was made by appellant to contact LaMar Pearce personally or to take his deposition before the trial. The court found that LaMar Pearce did not fail to cooperate with the insurance company nor did he fail to comply with the terms of the insurance policy.

Although an unreasonable failure by the insured to attend the trial and testify when he is a material witness is a breach of a cooperation clause in a liability insurance policy, the mere fact that the insured failed to appear at the trial if his absence is excusable or justifiable and is not without good reason, "does not in itself constitute lack of co-operation * * *." See 29 Am.Jur., Insurance, Sec. 795, page 602. Here the insured because of financial difficulties had to seek employment outside the state. While he was in Utah he fully cooperated with the insurance company, reported the accident when he was sued and gave it a written statement of facts at its request. Long before the trial the insured was informed of his new address and that insured felt his new position and chances for promotion would be jeopardized if he left to attend the trial and therefore he was not planning on coming back to Utah for that purpose. The insurance company had ample time to take his deposition had they so desired, but they did not do so. Under such circumstances it cannot be said that the insured's absence from the trial was unreasonable and unjustifiable and that the trial court erred in finding that he had not failed to cooperate with the insurance company nor did he fail to comply with the terms of the insurance policy. It should be pointed out that even if his failure to attend the trial could be considered a violation of the cooperation clause, yet, unless the insurance company was substantially prejudiced by such absence, it is not a valid defense against the injured third party. See Wormington v. Associated Indemnity Corp., 13 Cal.App.2d 321, 56 P.2d 1254, where the court upheld the trial court's finding that the assured cooperated with the insurance company where he reported the accident and gave his deposition and the insurance company had an opportunity to

20

cross-examine, and said that even if there had been a lack of cooperation it would not have been prejudicial under such facts. In the instant case, although no deposition was taken, the insurance company had plenty of opportunity to take one if it had wanted to. It did take a written statement, but did not see fit to take a deposition. An insurance company must use due diligence in performing its part of the contract. See Jensen v. Eureka Casualty Co., 10 Cal.App.2d 706, 52 P.2d 540. Although one of the witnesses to the accident changed his story at the trial so that his testimony instead of being favorable to the insured was unfavorable, if the insurance company had taken LaMar Pearce's deposition, his version of the accident could have been introduced in evidence and his defense presented in that manner. Furthermore, it cannot be said as a matter of law that LaMar Pearce was unreasonable in failing to come back to Utah for the trial when his livelihood may have depended upon his remaining on his job at that time and his version of the facts could have been presented through a deposition. For general annotations on the effect of the failure to attend trial or removal to another state by the insured on the insurer's liability under a clause requiring insured's cooperation, see 72 A.L.R. 1468, 98 A.L.R. 1475 and 139 A.L.R. 793.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WORTHEN, JJ., concur.