**IOWA HOME MUTUAL CASUALTY CO.,**
a corporation, Appellant,

v.

**Marian FULKERSON, sometimes known as Marian Baker, by Lynn Baker, her next friend, and Frank C. Seavey, Appellees.**

No. 5725.

United States Court of Appeals
Tenth Circuit.
April 28, 1958.

A. Joseph Williams and Brooke Wunnicke, Cheyenne, Wyo., for appellant.

Norman B. Gray, Cheyenne, Wyo. (Robert S. Lowe, Rawlins, Wyo., Ellery, Gray & Hickey, and J. J. Hickey, Cheyenne, Wyo., were with him on the brief), for appellees.

Before PICKETT, LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant, defendant below and herein referred to as Insurance Company, denied liability on its automobile insurance policy on the ground that the insured failed to cooperate in the defense of a state court action involving the operation of the insured automobile. The trial court rejected the defense of failure to cooperate and gave the appellees, plaintiffs below and herein so designated, judgment in the amounts which they had recovered in the state court.

The policy was issued to Francine Pol and covered a 1946 Oldsmobile. On September 28, 1953, Alfred Pol, the 15-year-old son of Francine, was operating the car with his mother's permission. East of Rawlins, Wyoming, the Pol car collided with a truck of the plaintiff Seavey. Plaintiff Marian Fulkerson, a passenger in the Pol car, was injured and the truck was damaged. Through suit in Wyoming district court Fulkerson and Seavey recovered judgments against Alfred Pol in the amounts of $5,692.91 and $419.28 respectively. As the judgments were not paid, the plaintiffs brought this action against the insurer in the United States District Court for the District of Wyoming. Jurisdiction is based on diversity of citizenship.

Insurance Company concedes that Alfred Pol was an insured within the terms of its policy. It defends on the sole ground that the insured breached the cooperation clause of the policy[1] by refusing to attend the state court trial.

After the accident the Pols moved to Indiana and later Alfred Pol enlisted in the United States Army. Correspondence between representatives of Insurance Company and the Pols during the period of March, 1954, to January, 1956, is detailed in the comprehensive opinion of the trial court[2] and will not be set out at length here. Early in 1954 the attorney for Mrs. Pol, by letter to Insurance Company, called attention to the expense involved in the return of Alfred Pol to Wyoming and suggested that his deposition be taken. From September, 1955, to January, 1956, Alfred Pol was a private first class stationed at Fort Hood, Texas. A series of letters passed between representatives of Insurance Company, on the one hand, and Pol and an army legal assistance officer,

---

1. The pertinent clause of the policy reads thus: "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

2. See Fulkerson v. Iowa Home Mutual Casualty Company, D.C.Wyo., 150 F. Supp. 663.

on the other. These culminated in an undated letter from Pol saying that he would be unable to attend the trial because he would be "in the process of going over sea's on the first of Dec." There is no showing as to whether Pol ever went overseas.

On January 19, 1956, the attorney for the plaintiffs wrote the attorney for Insurance Company suggesting that Pol's deposition be taken. This was not done. At no time did Insurance Company offer to pay Pol's expenses to attend the Wyoming trial.

After several continuances, the state court trial was held on January 23, 1956. Pol was not present. As the plaintiff Fulkerson was a guest in the Pol car, it was necessary, under Wyoming law,[3] for her to establish gross negligence. The basis for such claim was excessive speed. Testimony was adduced that after the accident Pol stated his speed to have been 80 to 100 miles per hour. At the time of the accident there were two passengers in the Pol car besides Pol and Miss Fulkerson. Neither of these testified at the trial. A statement given by Pol to a representative of Insurance Company on October 6, 1953, fixed his speed at "about 60 miles per hour" but does not establish when that speed occurred in relation to the accident.

In this diversity case Wyoming law applies but there is no Wyoming decision on the issues here raised. A somewhat analogous situation was before this court in State Farm Mutual Automobile Ins. Co. v. Koval, 10 Cir., 146 F.2d 118, 120. That was an Oklahoma case in which the insurer defended on the ground that the cooperation clause of the policy was breached by the nonattendance at the trial of the insured. This court said:[4]

"We have not found any Oklahoma decision dealing with the questions here presented. Under the weight of authority, to constitute a breach of a cooperation clause by the insured, there must be a lack of cooperation in some substantial and material respect that results in prejudice to the insurer; whether there has been such a breach is a question of fact; and such a breach is an affirmative defense, the burden of establishing which rests on the insurer."

In the Koval case this court held that the insurer had failed to establish that the absence of the insured had prejudiced its defense of the action. The situation then considered is different from that now presented because in Koval the insurer admitted liability and went to trial on the sole issue of damages. In the present case liability was denied by the insurer. This difference does not have any effect on the requirement that prejudice must be shown in order for the insurer to sustain the burden of establishing the affirmative defense of breach of the cooperation clause.

■ While there are state court decisions which hold that nonattendance of the insured at the trial is prejudicial and a violation of the cooperation clause sufficient to relieve the insurer of liability,[5] the better rule is that the question of non-cooperation must be determined not only from what the insured failed to do but also from what the insurer on its part did to secure cooperation from an apathetic and disinterested policyholder.[6] The real usefulness of automobile liability policies for the public good is greatly weakened if it is not recognized that both the insurer and the insured have a duty with respect to co-

3. Wyo.Comp.Stat.1945, § 60–1201.

4. 146 F.2d 120.

5. For example, Glens Falls Indemnity Co. v. Keliher, 88 N.H. 253, 187 A. 473, 476–477; Schneider v. Autoist Mut. Ins. Co., 346 Ill. 137, 178 N.E. 466, 468; and Hartford Accident & Indemnity Co. v.

Partridge, 183 Tenn. 310, 192 S.W.2d 701, 705.

6. Pennsylvania Threshermen and Farmer's Mutual Casualty Insurance Company v. Owens, 4 Cir., 238 F.2d 549, 550. See also Tuder v. Commonwealth Casualty Co., 163 A. 27, 10 N.J.Misc. 1206.

operation. The practical aspects of each individual situation must be considered. Unless there is some obligation placed on the insurer it will be in a position to avoid liability by the mere absence from trial of an indigent insured.

Insurance Company had a report in April, 1955, that Pol's mother and her husband had failed in a business enterprise in Indiana. Later it learned that Alfred Pol was a private first class in the Army and was stationed at Fort Hood, Texas. A reasonable person would certainly question the ability of a 17-year-old army private to finance through his own resources the 2,000-mile round trip from Fort Hood, Texas, to Rawlins, Wyoming. Yet Insurance Company never suggested paying even a portion of such expenses.

■■ The cooperation clause of the policy did not require that the insured attend the trial at his own expense. To take advantage of the cooperation clause the insurer must show a good faith effort on its part to secure the attendance of the insured.[7] Not only did Insurance Company fail to make such an effort but also it made no effort to take Pol's deposition even though that procedure, admittedly available under Wyoming law, was suggested as early as March, 1954, by the attorney for Mrs. Pol and in January, 1956, by the attorney for the plaintiffs. Insurance Company made no request for a continuance from the January 23, 1956, trial date to enable it to take such deposition. The failure of Insurance Company to use the deposition procedure shows a lack of diligence in performing its part of the contract.[8]

So far as the record discloses, Insurance Company made no effort to secure the presence at the trial or to take the depositions of the two passengers who were riding in the Pol car at the time of the accident in addition to Pol and Miss Fulkerson. A careful reading of the statement given by Pol of the circumstances of the accident does not justify the conclusion that testimony from Pol would have aided the cause of the defense in the state court trial.[9] The benefits to the insurer which would have resulted from Pol's attendance at the trial are, at the very most, doubtful.

■■ While there is a split in the authorities as to whether a showing of substantial prejudice to the insurer is essential to a defense of non-cooperation by the insured,[10] this circuit is committed to the rule that in the absence of controlling state law "there must be a lack of cooperation in some substantial and material respect that results in prejudice to the insurer."[11] What constitutes lack of cooperation is a question of fact.[12] The trial court found that the

---

**7.** Medical Protective Co. v. Light, 48 Ohio App. 508, 194 N.E. 446, 448–449; Lienhard v. Northwestern Mut. Fire Ass'n, 187 Wash. 47, 59 P.2d 916, 919; American Fire and Casualty Co. v. Vliet, 148 Fla. 568, 4 So.2d 862, 863, 139 A.L.R. 767. Cf. General Casualty & Surety Co. v. Kierstead, 8 Cir., 67 F.2d 523.

**8.** Oberhansly v. Travelers Insurance Company, 5 Utah 2d 15, 295 P.2d 1093, 1095–1096; and George v. Employers' Liability Assurance Corp., Ltd., 219 Ala. 307, 122 So. 175, 176, 72 A.L.R. 1438.

**9.** Pol did not give his speed when he first observed the traffic entering the highway. All he said is that at a given point which is not related to the scene of the accident he increased his speed to about 60 miles an hour. He further stated that he did not know if he applied his brakes. There is nothing in the record to indicate that Pol would have denied his post-accident statement that "he was going between eighty and a hundred."

**10.** See authorities collected in Pennsylvania Threshermen and Farmer's Mutual Casualty Insurance Co. v. Owens, 4 Cir., 238 F.2d 549, supra, and in State Farm Mutual Automobile Insurance Company v. Palmer, 9 Cir., 237 F.2d 887, 891.

**11.** State Farm Mutual Automobile Ins. Co. v. Koval, supra, and see Elliott v. Metropolitan Casualty Insurance Company of New York, 10 Cir., 250 F.2d 680, 685.

**12.** Koval, supra, and Commercial Standard Insurance Company v. Readnour, 10 Cir., 241 F.2d 14, 17.

Insurance Company "failed to sustain the burden of proof required to show the insured failed to cooperate." [13] The record fully sustains that finding.

The judgment is affirmed.