PEDRO VALLE ET AL., ETC., Plaintiffs and Appellees, *v.* HEIRS OF JULIO WISCOVITCH and THE GLOBE INDEMNITY CO., ETC., Defendants and Appellants.

No. 353.     Decided April 11, 1963.

*Rivera Zayas, Rivera Cestero & Rúa,* and *Aldo Segurola De Diego* for appellants. *José N. Dapena Laguna* and *Julio Fernández Cabrera* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The Globe Indemnity Co. issued an insurance policy of public liability in favor of Julio Wiscovitch. It covered the damages caused in the operation of a Chevrolet pick-up 1955 model by said insured or by any other person driving it with his consent. The limit of liability for the damages caused as established was $10,000 per person and $20,000 per accident.

While the vehicle of Wiscovitch was traveling along the road leading from Santa Isabel to Ponce at an excessive speed and without the driver taking into account the conditions of the moment—the accident occurred late in the afternoon, at twilight—it collided with a jeep when the latter was attempting to cross one of the roads intersecting the main highway. The driver of the jeep entered half a meter onto the road before stopping.

The insured Julio Wiscovitch died in the accident. At that time he was with his brother Waldemar and a friend surnamed Valle. Both suffered serious injuries. The accident took place on August 20, 1956. On October 10 following Valle filed a complaint in an action for damages against the heirs of Julio Wiscovitch,[1] and against the insurance company. He alleged that Waldemar was driving the vehicle at the time of the accident. On January 10 following Waldemar filed a complaint against Valle and the Globe on the ground that Valle was driving the vehicle.

Within the suit filed by Valle the insurance company filed a third-party complaint against the owner and driver of the jeep. The latter answered and counterclaimed.

Both suits were consolidated and heard jointly. The complaint filed by Waldemar against Valle and the Globe was dismissed. The complaint filed by Valle against Globe was granted. The counterclaim was dismissed but the court made no other pronouncement.

The Globe has requested us to review the judgment of the trial court. We agreed. Five errors are assigned in support of its petition.

We shall first consider the assignment which if it should prevail, shall cause the reversal of the judgment appealed from. The insurance company maintains that the trial court "committed a clear and manifest error of law in not giving validity to the provisions of the policy agreed by the parties

---

[1] At the trial of the case the claim against the heirs was abandoned.

with reference to the cooperation clause." Respondent alleges that the error assigned cannot prosper because it was not raised in the trial court.

■■ The purpose of the cooperation clauses in the insurance policies is to protect the insurer of a possible collusion between the insured and the prejudiced party to defraud the company. Its breach alone, however, does not relieve the insurer from liability. What constitutes in some cases a lack of cooperation may be irrelevant in other cases. *Levy* v. *Indemnity Ins. Co. of North America*, 8 So.2d 774 (La. 1942). An example of this is that it has been maintained that the fact that it is reported that a person is driving a vehicle when actually another person was driving it does not necessarily imply lack of cooperation. *Commercial Standard Ins. Co.* v. *Readnour*, 241 F.2d 14 (10th Cir. 1956); *Ford* v. *Providence Washington Ins. Co.*, 311 P.2d 930 (Cal. 1957).

■ Thus, as a substantive requirement, it is necessary that the lack of cooperation on the part of the insured should cause prejudice to the insurer. For this reason in *Cuebas* v. *P.R. & American Ins. Co.*, 85 P.R.R. 601 (1962) we stated that: "In order that the lack of cooperation of the insured may relieve the insurer from liability, it must be in some material and substantial aspect which may cause him prejudice."

■■ Likewise, and as a procedural requisite, the lack of cooperation constitutes a defense that should be alleged affirmatively. It is clearly included in the final clause of Rule No. 6.3 of the Rules of Civil Procedure of 1958,[2] which

---

[2] Rule 6.3 provides thus:

"In pleading to a preceding pleading, the following defenses must be set forth affirmatively: compromise and settlement, accord and satisfaction, arbitration and award, assumption of risk, negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

provides: "any other matter constituting an avoidance or affirmative defense." It is so held by the authorities. 1-A Barron & Holtzoff, Federal Practice, Rules Edition, § 279 (1960 ed.) ; *Pawlik* v. *State Farm Mut. Automobile Ins. Co.*, 302 F.2d 255 (7th Cir. 1962) ; *State Farm Mut. Automobile Ins. Co.* v. *Koval*, 146 F.2d 118 (10th Cir. 1944). And it is reasonable that it should be so required, inasmuch as if it should prosper it excuses the insurer of liability. It is clear, therefore, that the prejudiced party should have the opportunity to confront the facts on which said defense is based in order to contradict or explain them. The purpose of the rule is to avoid surprises. 1-A Barron & Holtzoff, *op. cit.*, § 279. The insurer has the burden of proof to show that the insured has not complied with the contractual provision which compels it to cooperate in the defense of the suit. *Pawlik* v. *State Farm Mutual Automobile Ins. Co., supra; Pennsylvania Threshermen and Farmer's Mut. Cas. Ins. Co.* v. *Owens*, 238 F.2d 549 (4th Cir. 1956) ; *General Casualty & Surety Co.* v. *Kierstead*, 67 F.2d 523 (8th Cir. 1933) ; *Fulkerson* v. *Iowa Home Mut. Casualty Co.*, 150 F.Supp. 663 (D. Wyo. 1957) ; *Pharr* v. *Canal Insurance Co.*, 104 S.E.2d 394 (S. C. 1958).

■ However, this defense should be alleged affirmatively when answering the complaint. It is considered alleged if clear and unequivocal evidence is presented, without objection, that there was lack of cooperation and on that ground the insurer should be excused of liability, even though it has not specifically alleged it in the answer to the complaint. In that case the allegations are considered amended to conform to the evidence, as provided by Rule 13.2 of the Rules of Civil Procedure. In 2 Moore, Federal Practice 1853, § 8.27, it is said:

"If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof, unless

the adverse party makes no objection in which case the issues are enlarged, or unless an amendment to set forth the affirmative defense is properly made.

"Failure to plead matter which constitutes an affirmative defense does not, however, preclude a party from taking advantage of the opposing party's proof, if such proof establishes the defense."

*Cf. Sec. of Labor* v. *Vélez,* 86 P.R.R. 555 (1962).

■ In the present case the lack of cooperation on the part of the insured was not established as an affirmative defense. It was not expressly alleged. The allegation appearing in the answer to the effect that the policy "was subject to the clauses and restrictions appearing therein" can in nowise be considered an expression of an affirmative defense. Likewise an examination of the evidence does not disclose that the trial court had before it any basis to make a finding to that effect. From the incidents set forth by the defendant as demonstrative that said defense was raised in the trial court, the only relevant point is that in passing it made reference to the fact that a report of the accident had not been filed,[3] and that the information given was not true. But neither the mere mention made by some witnesses nor the statements made by the company's attorney, separately or as a whole, have the effect of raising said defense before the court. We already said that the insurance company has the burden to establish those facts.

■ Since lack of cooperation was not alleged as a special defense and there was no preponderant evidence in the record to establish it, it is obvious that the plaintiff did not confront the defense with an opportunity to contradict it. And since the question was not raised, the court did not err in making no finding on the matter.

---

[3] Although none of the plaintiffs herein did it, the widow of the insured Julio Wiscovitch had already sent the report to the insurance company.

Let us now turn to the next error. As we previously pointed out, the car covered by the insurance policy issued by the defendant was driven at excessive speed and without the driver taking into account the conditions of the road. He collided with a vehicle that was traveling along a transversal road and which had already entered the main highway in order to cross it. The trial court found that both drivers had been negligent. Under similar circumstances we have so held. *Carolina Casualty Co.* v. *Guzmán*, 87 P.R.R. 857 (1963) and *Flores* v. *F. & J. Carrera*, 83 P.R.R. 320 (1961).

The trial court made a finding to the effect that the driver of the insured vehicle was an agent of its owner. This is not supported by the evidence, but the error is harmless because the policy covered any person who might drive the vehicle with the consent of the insured. And in this case said consent obviously existed because the insured was also traveling in the vehicle.

The appellee consents to a reduction of the judgment to $10,000 which is the limit of liability of the policy. The compensations granted to plaintiff's parents are therefore eliminated. The award of attorney's fees is also eliminated. Certainly the defendant was not obstinate in defending itself considering the attendant circumstances.

The judgment appealed from will be modified, and as thus modified it will be affirmed.